IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, WILDEARTH GUARDIANS, CENTER FOR BIOLOGICAL DIVERSITY, and PREDATOR DEFENSE<br><br>    Plaintiffs,<br><br>  v.<br><br>USDA APHIS WILDLIFE SERVICES<br><br>    Defendant. | Case No. 1:17-CV-206-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

  The Court has before it plaintiffs' motion for remedies. The Court heard oral argument on November 28, 2018, and took the motion under advisement. For the reasons explained below, the Court will grant the motion in part and deny it in part. The Court will vacate the 2016 EA and Finding of No Significant Impact (FONSI) and remand the action to Wildlife Services for further review. If on remand Wildlife Services decides to continue pursuing the Preferred Alternative set forth in the 2016 EA and FONSI, Wildlife Services must prepare an EIS and ROD prior to any implementation. The Court will deny WWP's motion to the extent it seeks interim conditions or deadlines for action during the remand.

## LITIGATION BACKGROUND

  For years, Wildlife Services has responded to requests from Idaho livestock producers to kill or remove predators like coyotes that threaten their herds. When the

**Memorandum Decision & Order – page 1**

agency decided to expand its operations to kill or remove predators to game animals and protected species, it prepared a draft Environmental Assessment (EA) and circulated it to various agencies and the public. That draft prompted numerous critical comments, especially from other agencies with long experience and expertise in managing game animals and protected species: The Bureau of Land Management, Forest Service, and the Idaho Department of Fish and Game, among others.

Instead of studying these concerns in greater depth in an Environmental Impact Statement (EIS), Wildlife Services largely rejected these criticisms, finding that they were invalid for various reasons. Based on that analysis, Wildlife Services issued a Finding of No Significant Impact (FONSI) and decided to implement the Preferred Alternative contained in the EA. The Preferred Alternative would have authorized Wildlife Services to

> provide additional assistance in efforts to reduce predation on wildlife species identified as needing protection by the IDFG, USFWS and other natural resource management agencies. Wildlife species which could potentially be protected under this alternative if a need is identified by the applicable regulatory agency include the greater sage-grouse ( Centrocercus urophasianus) (hereafter referred to as sage-grouse), mule deer and white-tailed deer (Odocoileus hemionus and 0. virginianus, respectively), bighorn sheep (Ovis canadensis), pronghorn antelope (Antilocapra americana), northern and southern Idaho ground squirrels (Spermophilus brunneus burnneus, and S. b. endemicus, respectively) and waterfowl (various species).

*AR-37624.* To block implementation of the Preferred Alternative, plaintiffs – referred to collectively as WWP in this decision – filed this lawsuit, asking the Court to find, among other things, that Wildlife Services violated NEPA by failing to prepare an EIS. The parties filed cross-motions for summary judgment, and in a decision issued June 23,

**Memorandum Decision & Order – page 2**

2018, the Court granted WWP's motion and denied the motion filed by the Wildlife Service. *See Memorandum Decision (Dkt. No. 33).*

In that decision, the Court explained that under NEPA, an agency may use a convincing and objective analysis to reject criticisms and refuse to prepare a full EIS. But that was not done here. While Wildlife Services responded in detail to the criticisms, their reasons for rejecting them were not convincing and objective; the agency failed to take the required "hard look" at the concerns raised by the other agencies. Moreover, the agency predicted that they would be expanding operations into wilderness areas, another factor that persuaded the Court to require an EIS. Consequently, the Court held that Wildlife Services acted in an arbitrary and capricious manner in deciding not to prepare an EIS.

The parties asked the Court for some time to negotiate an agreement on the specific remedies to be imposed. When those negotiations failed, WWP filed the motion for remedies now before the Court.

## ANALYSIS

WWP asks the Court to (1) vacate and remand the 2016 EA and Decision/FONSI; (2) require Wildlife Services to issue a draft Environmental Impact Statement (EIS) for public comment within 18 months, and prepare a final EIS and Record of Decision (ROD) within 3 years; and (3) impose interim injunctive relief while Wildlife Services is preparing its EIS. The parties all agree that the Court should vacate and remand the 2016 EA and FONSI, and the Court will so order.

The effect of vacating the 2016 EIS and FONSI is that the Preferred Alternative cannot be pursued by Wildlife Services. Left in place are two earlier EAs, one completed in 1996 for the northern and central regions of Idaho, and the other completed in 2002 for the southern region. WWP did not ask the Court to review those two EAs in this lawsuit.

Upon remand, Wildlife Services is free to pursue courses of action other than the Preferred Alternative – the agency has stated in its briefing that it may pare down its activities or choose a different geographical scope. *See Brief (Dkt. No. 44)* at p. 5. The Court has no authority to compel the agency to pursue the Preferred Alternative (and prepare the EIS and ROD that must accompany such a course of action). But if the agency does decide on remand to pursue the Preferred Alternative, it must prepare an EIS and ROD.

WWP asks the Court to prohibit certain actions by Wildlife Services during the interim while the agency is considering how to proceed on remand. Specifically, WWP seeks to enjoin the agency from: (1) lethal preventive (proactive) coyote control in Idaho; (2) lethal corrective control of an individual predator beyond two miles of a confirmed predation; (3) using M-44 capsules, neck snares, and body-gripping traps; (4) killing predators in unique geographic areas; and (5) killing predators to protect specified non-domesticated prey. But the Court's decision in this case focused narrowly on the issue whether the decision to implement the Preferred Alternative as examined in the 2016 EA and the FONSI violated NEPA. Now that the 2016 EA and FONSI are vacated, the governing NEPA documents are the two old EAs. While obviously outdated, WWP did not ask the Court in this lawsuit to review either of those EAs. WWP did directly

**Memorandum Decision & Order – page 4**

challenge both EAs in a separate case: *WWP et al. v. Grimm et al.,* No. 1:15-cv-40-EJL. But WWP dismissed that case when Wildlife Services promised to conduct a new statewide NEPA analysis, which culminated in the 2016 EA. Thus, the two older EAs have never been evaluated by the Court. Moreover, the specifics of WWP's proposed interim conditions have never been fully reviewed and litigated.

For these reasons, and given the limited nature of the Court's decision focusing on the NEPA violations of the 2016 EA, the Court will decline to issue interim conditions and deadlines for actions on remand. Even so, the agency must recognize that the age of these two EAs makes them weak support for any action. Apparently, the agency agrees because it settled *Grimm* by promising to update those EAs. Moreover, in this case, the agency's attorney represented at oral argument that "Wildlife Services is absolutely going to start a new NEPA document immediately upon the completion of this case." WWP will, in all likelihood, hold the agency accountable by refiling a challenge to directly challenge the two EAs. *See Reply Brief (Dkt. No. 49)* at p. 3, n. 1 (stating that "[i]f the Court were to deny interim relief and Wildlife Services proceeds to re-institute the 1996 and 2002 EAs for future Idaho predator control actions, Plaintiffs reserve the right to amend their Complaint in this case and challenge the validity of those EAs under NEPA, the APA, and/or the Endangered Species Act"). The Court will require WWP to file a new action, rather than amend this complaint, and will further require that the new action be assigned to this Court given its familiarity with the issues.

Finally, the Court will clarify an apparent misunderstanding by Wildlife Services concerning the scope of the Court's decision. Jason Suckow, the Western Regional

**Memorandum Decision & Order – page 5**

Director for Wildlife Services, filed his Declaration appearing to state his opinion that the Court held only that Wildlife Services cannot engage in predator management activities for the benefit of sage grouse. *See Declaration (Dkt. No. 44-1)* at ¶ 24. If that is an accurate interpretation of Suckow's statement, his opinion is incorrect because it unduly limits the extent of the Court's holding. It is the entirety of the Preferred Alternative that is blocked pending completion of an EIS and ROD; the decision is not just limited to sage grouse protection.

## Conclusion

In conclusion, the Court will grant in part and deny in part WWP's motion for remedies. The Court will vacate the 2016 EA and associated Decision/FONSI and remand the action to Wildlife Services for further review. If on remand Wildlife Services decides to continue pursuing the Preferred Alternative set forth in the 2016 EA and FONSI, Wildlife Services must prepare an EIS and ROD prior to any implementation. The Court will deny WWP's motion to the extent it seeks interim conditions or deadlines for action during the remand. To the extent that WWP has indicated it intends to challenge the 1996 and 2002 EAs, the Court will require that the challenge be made in a new case filing rather than an amendment to this action, and this Court shall be assigned the new case due to its familiarity with the issues.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for remedies (docket no. 39) is GRANTED IN PART AND DENIED IN PART. The motion is

granted to the extent it seeks to vacate the 2016 EA and Decision/FONSI and remand the matter to Wildlife Services. If on remand Wildlife Services decides to continue pursuing the Preferred Alternative set forth in the 2016 EA and FONSI, Wildlife Services must prepare an EIS and ROD prior to any implementation. WWP's motion is denied to the extent it seeks interim conditions or deadlines for action during the remand.

IT IS FURTHER ORDERED, that any challenge filed by WWP to the 1996 and 2002 EAs be made in a new case filing rather than an amendment to this action, and that the Clerk is directed to assign this Court to any such new action due to the Court's familiarity with the issues.

DATED: November 29, 2018

B. Lynn Winmill
Chief U.S. District Court Judge